989 F.2d 502
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
LOCAL AREA NETWORK DEALERS ASSOCIATION, an Illinois
not-for-profit corporation, Plaintiff-Appellee,
v.
OLSEN DEVELOPMENT COMPANY SYSTEMS, a division of
Olsen--Development Company, Incorporated, an
Illinois corporation, and Marshall G.
Olsen, Defendants-Appellants.
 No. 91-3855.
 United States Court of Appeals, Seventh Circuit.
 Argued Dec. 11, 1992.
Decided March 8, 1993.
 
 1
 Before BAUER, Chief Judge, CUMMINGS, Circuit Judge, and GRANT, Senior District Judge.*
 
 ORDER
 
 2
 In April 1990, Local Area Network Dealers Association ("Landa") sued ODC Systems, a division of Olsen Development Company, Incorporated ("ODC"), and Marshall G. Olsen for copyright infringement under 17 U.S.C. § 101 et seq. ("the Copyright Act"). Landa is a non-profit Illinois corporation that educates computer users about local area networking of computer stations. ODC is an Illinois corporation; Marshall Olsen is its president and was also on Landa's board of directors before this suit arose.
 
 
 3
 In December 1987, Marshall Olsen proposed to Landa that ODC be hired to develop Landa training centers. ODC offered to develop course manuals to be used by Landa training center trainers. According to Landa, ODC's offer contemplated that any course material developed would be owned and controlled by Landa. At this time Olsen was on Landa's board of directors, and would have known that Landa insisted on owning title and copyright to such written materials. Subsequently ODC prepared a "System Disaster and Recovery Manual" for approximately $17,000.
 
 
 4
 Landa's complaint alleges that it owned the manual, which contained copyrightable editorial material and art work, and on August 21, 1989, Landa obtained a Certificate of Registration from the Register of Copyrights. Landa further alleges that the following month ODC infringed Landa's copyright by publishing and distributing a similar manual. Landa requested damages and an injunction prohibiting ODC from copyright infringement. In their answer, ODC and Olsen denied that they assigned any copyright to Landa. Landa responded to this affirmative defense (R. 18) by claiming that defendants had assigned the copyright to Landa in a December 7, 1987, letter stating that "the course material should be owned and controlled by Landa" (Exhibit A to complaint).
 
 
 5
 Although this case was assigned to Judge Aspen from the start, a settlement conference was held before Judge Bua[1] on August 28, 1990, where the parties "orally reached what they thought was a settlement on mutually acceptable terms" (R. 25). After this conference, Judge Aspen conferred with Judge Bua and drew up the following August 28, 1990 Order:
 
 
 6
 Case dismissed as to all matters. Each party to bear its own costs. This case is settled for $30,000, $5,000 payable within ten days and the balance payable within 24 months. This judgment is to be secured by a note bearing 10% interest with the right of prepayment without penalty. The plaintiff waives and releases any claim for royalties past or future. The defendant is free to create a new course with new materials. The parties are to exchange mutual releases. The Court retains jurisdiction for entry of any other draft judgment order to be presented by the parties within 20 days and to enforce the entry of judgment. It is so ordered.
 
 
 7
 App. A-3.
 
 
 8
 On August 6, 1991, Landa moved to reinstate their complaint. ODC had refused to sign settlement papers because ODC wanted ownership of the copyright, so that Landa argued that the August 28, 1990, settlement order dismissing the case required their cause to be reinstated. Apparently no action was taken on the motion to reinstate, and on November 1 Landa filed a motion to enforce settlement as provided in Judge Aspen's August 28, 1990, order. On November 6, ODC and Olsen responded that settlement should not be enforced because they did not consent to Landa's ownership of the copyright. Landa's reply of November 13 countered that there was no reason why the August 28, 1990, order of Judge Aspen should not be enforced. Landa attached to its reply an affidavit of Wylie Crawford, a Landa director, stating that on March 13, 1991, ODC was still using manuals "virtually identical to the manual that was the subject of this lawsuit" even though Judge Aspen's August 28, 1990, order required ODC to "create a new course with new materials" (Exhibit A to R. Item 33).
 
 
 9
 As a result of the foregoing contretemps, Judge Aspen handed down a memorandum opinion and order on November 18, 1991, construing his August 28, 1990, order as follows:
 
 
 10
 Defendants argue that any agreement reached at the settlement conference is unenforceable because there was no mutual assent regarding an essential term--the ownership of the copyright. We disagree. The plain language of the August 28, 1990 order clearly reveals the intent of the parties regarding the copyright of the materials in question. The phrase, "[t]he plaintiff waives and releases any claim for royalties past or future," can only reasonably be construed to imply that both parties intended LANDA to retain ownership of the copyright. As poignantly expressed by LANDA, "[i]f the plaintiff does not own a copyright, why would it be entitled to royalties?" Indeed, the next sentence of the order, "[t]he defendant is free to create a new course with new materials," buttresses our conclusion. If the defendants believed that they owned the copyright, clearly they would have believed that they were free to use the materials in question, leaving reference to a new course with new materials beyond the scope of the settlement. Accordingly, LANDA's motion to enforce the settlement is allowed. It is so ordered.
 
 
 11
 Defendants appeal from this order. We affirm.
 
 
 12
 Although the parties quarrel over the meaning of the August 28, 1990, settlement order, its author, Judge Aspen, has explained its meaning in his November 18, 1991, order which is the subject of this appeal. Certainly he is the most qualified to interpret his own text. As stated in Matter of Chicago, Milwaukee, St. Paul & Pacific Railroad Co., 974 F.2d 775, 779 (7th Cir.1992), "we give deference to a court's interpretation of its own orders."[2]
 
 
 13
 We agree with Judge Aspen that the order's statement "The plaintiff waives and releases any claim for royalties past or future" indicates that Landa owned the copyright because otherwise it would not be entitled to royalties. The additional phrase "The defendant is free to create a new course with new materials" is also consonant with Landa's ownership of the copyright, for if ODC owned the copyright, it would be free to use the old materials. Finally, under the order ODC agreed to pay Landa $30,000--another recognition that Landa owned the copyright. If ODC thought it owned the copyright, it should have at least objected to or appealed the settlement order. It made no such claim until Landa sought to enforce the order on November 1, 1991. ODC may have decided to oppose Landa's ownership of the copyright because ODC was infringing it as late as March 1991 (Exhibit A to R. Item 33).
 
 
 14
 Since Judge Aspen was best qualified to interpret his own order of August 28, 1990, and since he gave it a plausible construction, his later order granting Landa's motion to enforce the settlement is affirmed.
 
 
 
 *
 The Honorable Robert A. Grant, Senior District Judge for the Northern District of Indiana, is sitting by designation
 
 
 [1]
 Former Judge Bua was well known for effecting settlements
 
 
 [2]
 To the same effect, see our prior opinions in the Chicago, Milwaukee litigation reported in 860 F.2d 267, 272 (1988), and 784 F.2d 831, 834-835 (1986), as well as Arenson v. Chicago Mercantile Exchange, 520 F.2d 722, 725 (1975)